J-S33014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| E. R. | : | |
| | : | |
| Appellant | : | No. 3391 EDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Wayne County
Criminal Division at No(s):  CP-64-CR-0000369-2016

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

CONCURRING STATEMENT BY OTT, J.:         **FILED NOVEMBER 15, 2018**

While I agree with the ultimate holding of the majority, I write separately to express a different basis for vacating E.R.'s determination of being an SVP.

The majority follows **Butler**, **supra**, in vacating E.R.'s SVP status. However, Butler is based upon the United States Supreme Court decision of **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt.

E.R. is a Tier III offender under SORNA and SVP status has no effect on the registration and reporting requirements of a Tier III offender.  Accordingly, **Alleyne** is inapplicable to a Tier III offender, and so is arguably not unconstitutional as applied.

_____
\* Former Justice specially assigned to the Superior Court.

Nonetheless, I agree E.R.'s SVP status must be revoked.

As noted, *Commonwealth v. Butler*, *supra*, declared Section 9799.24(e)(3) unconstitutional as it violates the dictates of *Alleyne*, *supra*. In brief, SVP status increases the mandatory registration requirements of Tier I and Tier II sexual offenders by requiring those offenders to register with the proper authorities for their lifetimes.[1]   Because, pursuant to Section 9799.24(e)(3), SVP status is determined by the judge upon a clear and convincing standard of proof, rather than being determined by a jury beyond a reasonable doubt, the process represents an unconstitutional violation of due process. *Butler, supra.*

However, SORNA uses a three-tier classification scheme for sexual offenders.  Registration requirements for Tier III offenders, such as E.R., are not so affected by SVP designation, as lifetime registration is required of them regardless of SVP status.  Therefore, the legal reasoning for finding Section 9799.24(e)(3) unconstitutional is not applicable to Tier III offenders.  As applied to Tier III offenders, the process is arguably constitutional.

Section 9799.24(e)(3) states, *in toto*:

> At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator.

42 Pa.C.S. § 9799.24(e)(3).

---

[1] Absent SVP classification, a Tier I offender must register for 15 years and a Tier II offender must register for 25 years.

The plain language of the Section provides no mention of the Tiers nor any differentiation between the Tiers.  The Section merely provides a uniform and unified process that does not contemplate severability.  Accordingly, even though the legal reasoning for finding Section 9799.24(e)(3) unconstitutional does not apply to Tier III offenders, the provision, as a whole, has been declared unconstitutional.  Even though the SVP designation for a Tier III offender does not run afoul of **Alleyne**, I believe it is invalid because the determination as to Tier III offenders was not intended to be and cannot be severed from the otherwise unconstitutional aspects of the Section.

Pursuant to 42 Pa.C.S. § 9799.36, all persons designated as an SVP and who are not incarcerated, must attend monthly counseling sessions.  Because this requirement is based solely on SVP status, this aspect of E.R.'s sentence must also be vacated.

Therefore, I agree with the majority that E.R.'s SVP status must be vacated, based upon different reasoning.

Finally, our Legislature has enacted Subchapter I,[2] regarding the continued registration of sexual offenders, apparently to replace the constitutionally invalid portions of Subchapter H.[3]  I believe that upon remand,

---

[2] 42 Pa.C.S. § 9799.51 *et seq*.

[3] 42 Pa.C.S. § 9799.10 *et seq*.

the trial court should also address the possible applicability of the newly enacted legislative scheme.